# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2022

Lyle W. Cayce
Clerk

No. 22-50167
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO RAMIREZ-JUAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-925-1

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Antonio Ramirez-Juan appeals his conviction and sentence for illegal reentry after deportation pursuant to 8 U.S.C. § 1326(a) and (b)(1). Ramirez-Juan asserts that treating a prior felony or aggravated felony conviction that increases the statutory maximum sentence under § 1326(b) as a sentencing

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

factor, rather than a separate element of the offense, is unconstitutional. He has filed an unopposed motion for summary disposition and a letter brief in which he acknowledges that his argument is foreclosed and indicates that he has raised the issue only to preserve it for further review.

As Ramirez-Juan correctly concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary disposition is proper.

Therefore, the motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.